**UNITED STATES of America,**

v.

**Terry Leon RAYNOR,**

and

**Cynthia D. Lewis, Defendants.**

**No. CR. 97–0186 PLF.**

United States District Court, District of Columbia.

Dec. 29, 1997.

Diana Harris Epps, Asst. U.S. Atty., Washington, DC, for Government.

Charles M. James, III, Cheverly, MD, for Raynor.

Joanne Vasco, Washington, DC, for Lewis.

## OPINION

PAUL L. FRIEDMAN, District Judge.

Defendants Terry Leon Raynor and Cynthia D. Lewis entered into plea agreements with the government that initially contained the following language:

> Your client understands and acknowledges that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed after a plea of guilty or trial. After consultation with counsel, and in exchange for the concessions made by this Office in this plea agreement, your client voluntarily and knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever. Your client also voluntarily and knowingly waives your client's right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. Your client further acknowledges and agrees that this agreement does not limit the Government's right to appeal a sentence, as set forth in Title 18, United States Code, Section 3742(b).

Plea Agreement at 4.

The Court refused to accept the pleas, concluding that the government may not condition its agreement to a plea on a defendant's waiving his or her right to appeal a sentence that has yet to be imposed—a sentence that may ultimately be illegal, unconstitutional or otherwise improper. The Court explained its reasons from the Bench and memorializes them here.[1]

---

1. The government ultimately deleted this provision from the plea agreements and the Court accepted the pleas.

The obligation of the Court under Rule 11 of the Federal Rules of Criminal Procedure is to assure that a plea is voluntary and that whatever rights the defendant waives incident to the plea are waived knowingly, intelligently and voluntarily. It is this Court's view that a defendant can never knowingly and intelligently waive the right to appeal or collaterally attack a sentence that has not yet been imposed. Such a waiver is by definition uninformed and unintelligent and cannot be voluntary and knowing. *See McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969) (to be valid under Due Process Clause, Rule 11 waiver must be "an intentional relinquishment or abandonment of a known right or privilege"). Until the sentence is imposed, the defendant cannot possibly know what it is he or she is waiving. A plea that requires such a waiver of unknown rights cannot comport with Rule 11 or the Constitution.

The waiver sought by the government in this case contrasts with every other waiver provision typically included in a plea agreement. Every other right that normally is relinquished is a known, well-defined right, and the *quid pro quo* is understandable. For example, when a defendant gives up the right to trial in favor of a plea, he or she knows that there will no longer be twelve jurors sitting in judgment, that there will no longer be live testimony and the right to confront witnesses, and that there will be no speedy and public trial. The defendant also understands that he or she is giving up the privilege against self-incrimination because the defendant must acknowledge guilt before the plea can be accepted. Moreover, when a defendant waives the right to a trial by jury in exchange for a plea to fewer counts or a lesser offense, the defendant not only gives up any advantages that may come with a jury trial but also is relieved of the uncertainties that may result from exercising the right to trial.

When a defendant waives the right to appeal a sentence, however, he or she is freed of none of the uncertainties that surround the sentencing process in exchange for giving up the right to later challenge a possibly erroneous application or interpretation of the Sentencing Guidelines or a sentencing statute. For example, when it comes time for sentencing in this case, this Court could make incorrect, unsupportable factual findings with respect to the amount of drugs involved, the nature of the relevant conduct to be considered or whether either of these defendants was involved in more than minimal planning with respect to the narcotics conspiracy to which they pled. Under the plea agreement proffered by the government, the defendants would have no right to ask the court of appeals to correct the illegal or unconstitutional ramifications of such sentencing errors.

Suppose a case where the facts support embezzlement in the amount of $100,000, but a court, by mistake or on whim, finds that the amount embezzled was one million dollars. Suppose a case where the amount of cocaine base or crack involved was five grams, but the court, by mistake, makes a factual finding (perhaps because of a grave mathematical error) that there were 50 grams. The sentencing range under the Guidelines would be increased drastically and unjustifiably, and the statutory mandatory minimum sentence would be ten years instead of five; yet, there would be no right to appeal because that right had been irrevocably waived at the time of the plea. Or suppose that a defendant has two prior convictions that ought to be counted towards his or her criminal history points, but the probation officer in preparing the presentence investigation report erroneously concludes that there are five offenses that should be considered, and the court adopts the probation officer's mistaken conclusion. The defendant would be placed in Criminal History Category IV, V or VI, instead of II or III and would receive a much more substantial sentence as a result; yet he or she would have no right to appeal. Barring the possibility of a clairvoyant defendant, in none of these cases could there be a knowing and intelligent waiver of the right to appeal and to collaterally attack such sentences.

The very concerns expressed by this Court have also been expressed by the Justice Department, which has provided guidance to prosecutors to guard against "lawless district

courts" that might disregard the Sentencing Guidelines to the disadvantage of the government. *See* United States Department of Justice Memorandum for All United States Attorneys from John C. Keeney, Acting Assistant Attorney General ("Keeney Memo") at 3 (Oct. 4, 1995). The Justice Department warns its lawyers:

> The disadvantage of the broad sentencing appeal waiver is that it could result in guideline-free sentencing of defendants in guilty plea cases, and it could encourage a lawless district court to impose sentences in violation of the guidelines. It is imperative to guard against the use of waivers of appeal to promote circumvention of the sentencing guidelines. . . .

*Id.* at 3. Indeed, the Justice Department, jealously guarding its own appellate rights, recommends that its attorneys file appeals in certain cases even where both the government and the defendant have ostensibly waived their rights to appeal:

> Use of waiver of appeal rights in a manner resulting in sentences in violation of the sentencing guidelines could prompt a court of appeals to reconsider its decision to uphold the validity of a sentencing appeal waiver. Alternatively, the reviewing court could construe a sentencing appeal waiver narrowly in order to correct an obvious miscarriage of justice. To avoid these concerns, we recommend that, in a case involving an egregiously incorrect sentence, the prosecutor consider electing to disregard the waiver and to argue the merits of the appeal. That would avoid confronting the court of appeals with the difficult decision of enforcing a sentencing appeal waiver that might result in a miscarriage of justice.

*Id.*

To avoid problems for the government in the future, the Justice Department suggests that, as a prophylactic measure, the preferred practice is to make the waiver of the right to appeal a one-way street: plea agreements should be drafted so that only the defendant must abandon the right to appeal. Keeney Memo at 3, 4. In that way, when a "miscarriage of justice" results from erroneous sentences, only the defendant will be left in the awkward position of attempting to raise appellate rights that have supposedly been waived at the trial level. Meanwhile, Justice Department lawyers will enjoy an unobstructed path to the courts of appeals.

The Justice Department values its right to appeal erroneous sentences for a reason. Before the Guidelines, the government had virtually no right to appeal a sentence. *See United States v. Spilotro,* 884 F.2d 1003, 1005–06 (7th Cir.1989) (government had no right to appeal sentencing decision because Congress granted it no such powers in either 18 U.S.C. § 3731 or 28 U.S.C. § 1291; government had limited right to appeal sentences under dangerous special offenders provision of 18 U.S.C. § 3576). Sentencing was in the discretion of the trial judge and, except where provided expressly by Congress, there was no appeal by the government. Now much of sentencing judgment and policy is within the discretion of the Sentencing Commission. And because of the prosecutor's traditional charging discretion and added leverage in sentence bargaining and charge bargaining in the post-Guidelines world, the discretion to cabin the parameters of the sentence is very much in the control of the prosecutor rather than the court.

To the extent that Congress has endorsed this new balance of power by statute, the courts must and will apply the law. To the extent that the government seeks methods and means of avoiding appellate review of the exercise of prosecutorial power in the sentencing context, effectively circumventing what Congress intended, however, it is plainly the responsibility of the judiciary to uphold and protect the criminal justice process from such manipulation.

The Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1987 (codified, as amended, in scattered sections of Title 18 and Title 28 of the United States Code), established the respective rights of the parties to appeal a sentence in a criminal case. 18 U.S.C. § 3742(a) sets forth the circumstances in which a defendant may appeal a sentence, while Section 3742(b) is a parallel provision giving the government a right to appeal, thus providing a congressionally-mandated symmetry and an equal opportuni-

ty to appeal sentences in criminal cases. With plea agreements like the one presented in this case, however, the government seeks unilaterally to undermine the statutory balance by requiring defendants to give up their traditional right to appeal, while the government would retain the full range of its newly-granted appellate rights under Section 3742. Thus, the government, but not the defendant, would have the right to seek to correct erroneous factual findings, to correct erroneous Guideline calculations, and to argue to the court of appeals that the district court has misinterpreted or disregarded the Guidelines, or imposed an unreasonable sentence through erroneous departure decisions, or a sentence in violation of law. 18 U.S.C. § 3742(b). For the future, this would mean that every Sentencing Guideline case considered by the courts of appeals would be a case brought by the government to correct errors that favor defendants. The appellate courts would never again decide a sentencing case brought by a defendant. Not only is that inherently unfair, but it also eliminates the symmetry Congress intended by Section 3742.

The waiver provision demanded by the government in this case also would insulate from review by the district courts and the courts of appeals matters relating to the ineffectiveness of counsel in the plea process. Suppose, for example, that a lawyer has been ineffective in the representation of a client in negotiating a plea, or in advising a defendant of his or her rights with respect to a plea. Suppose that a lawyer was drunk or using drugs when he or she engaged in those negotiations or advised clients of their rights. Suppose a lawyer had a conflict of interest at the time or, in advising a client, was not really recommending what was best for the client but what was best for the drug kingpin or some other interested person who was paying the lawyer's fee. Under the government's proposal, the defendant is required to give up the right to raise challenges on appeal even in these cases.

The waiver provision also requires defendants to give up their rights under 28 U.S.C. § 2255. Section 2255 is an extraordinary remedy, and there are not many successful Section 2255 petitions after trial or plea; but the statute enacted by Congress nevertheless serves important functions. If a court imposes a sentence in violation of the Constitution or laws of the United States, or in excess of the time allowed by law, one is entitled to bring a Section 2255 action. But not in this jurisdiction any longer if this plea agreement were accepted. Through its superior bargaining power, the government would have defendants give up the rights Congress has provided them under both 18 U.S.C. § 3742 and 28 U.S.C. § 2255.

Interestingly, the government itself concedes that certain of defendants' rights were not meant to be waived, and it therefore admits that the waiver provision in the plea agreements in this case is not even an accurate statement of the law. Despite the unforgiving language of the waiver provision, the government acknowledges that such provisions do not in fact waive all rights to appeal. It does not concede, however, that this fact should be spelled out in the agreement or explained to defendants. As the Keeney memorandum states:

> A sentencing appeal waiver provision does not waive all claims on appeal. The courts of appeals have held that certain constitutional and statutory claims survive a sentencing appeal waiver in a plea agreement. For example, a defendant's claim that he was denied the effective assistance of counsel at sentencing, *United States v. Attar*, [38 F.3d 727 (4th Cir.1994)]; that he was sentenced on the basis of his race, *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994); or that his sentence exceeded the statutory maximum, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992), will be reviewed on the merits by a court of appeals despite the existence of a sentencing appeal waiver in a plea agreement.

Keeney Memo at 2.[2]

Thus, the government asks the Court to assume that a defendant who, by the govern-

---

**2.** Other courts have expressly limited the scope of a defendant's waiver of his or her rights to appeal a sentence. *See, e.g., United States v.*

*Yemitan*, 70 F.3d 746, 748 (2nd Cir.1995) ("We do not hold that the waiver of appellate rights forecloses appeal in every circumstance."); *Unit-*

ment's own admission, is misinformed about his or her rights and the extent of the waiver in a plea letter and at a plea proceeding nevertheless understands those rights and can knowingly and intelligently waive them by virtue of the language of the proposed paragraph in the plea agreements. The government asks this of the Court, when in fact, the paragraph is not an accurate statement of the law, and neither the plea agreement nor the Rule 11 colloquy can assure that a defendant knows what his or her rights are and what is purportedly being waived.

While our court of appeals has not yet addressed this issue, Judge Harold Greene of this Court recently did so in an opinion that is most persuasive. *See United States v. Demetrius Johnson,* 992 F.Supp. 437 (D.D.C. 1997). As Judge Greene pointed out:

> [I]t is only after the judge has sentenced the defendant that the latter knows which rights he waived, and whether those rights

included the right to appeal a sentence in which the court may have erroneously applied the Guidelines or otherwise ordered an illegal or even unconstitutional sentence. The waiver could be regarded as knowing only if it be assumed that the appeal rights need not stand regardless of the grossness of the error of the sentencing court or the court's intent and purpose.

*Id.* at 439. By contrast, the decisions of the courts of appeals cited by the government in support of its proposed appeal waiver provision are not convincing. Some fail to reach the fundamental question of whether a defendant can knowingly and intelligently waive an unknown right, or whether the rights involved can be understood, while others do not involve waiver provisions as sweeping as the one before this Court.[3] The one voice of reason is Judge Parker's concurring opinion in *United States v. Melancon,* 972 F.2d 566, 570–80 (5th Cir.1992) (Parker, J., concur-

---

*ed States v. Henderson,* 72 F.3d 463, 465 (5th Cir.1995) ("[W]aivers of rights to appeal may not apply to ineffective assistance of counsel claims."); *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (same); *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir.1994) (same, in dicta); *United States v. Craig,* 985 F.2d 175, 178 (4th Cir.1993) (same). *See also infra* at n. 3.

**3.** The court in *United States v. Melancon,* 972 F.2d 566, 568 (5th Cir.1992) simply concluded that the defendant could waive his right to appeal his sentence because "he knew that he had a right to appeal his sentence and that he was giving up that right." (internal quotations omitted). In *United States v. Rutan,* 956 F.2d 827, 829–30 (8th Cir.1992), the court concluded that "[i]f defendants can waive fundamental constitutional rights [like the right to a jury trial], surely they are not precluded from waiving procedural rights granted by statute." Similar statements are found in decisions of other circuits. *See United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir.1993); *United States v. DeSantiago–Martinez,* 980 F.2d 582, 583 (9th Cir.1992); *United States v. Navarro–Botello,* 912 F.2d 318, 320–21 (9th Cir.1990).

The court in *United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996), noted that a defendant's right to appeal a sentence "serves an important public interest in avoiding the sentencing disparities that were seen to be a great problem with the pre-Guidelines system.... And allowing a defendant to waive appeal of any and every sentence imposed in violation of law would invite disrespect for the integrity[ ] of the court[s] ... and discredit the legitimacy of the sentencing pro-

cess." (internal quotations and citations omitted). The same court then oddly concluded that a defendant's right to appeal a sentence could be waived, albeit in limited circumstances. *Id.*

*United States v. Rivera,* 971 F.2d 876, 896 (2d Cir.1992), involved a plea agreement that forbade both the defendants and the government from appealing the sentence imposed by the district court, and the court of appeals did not reach the issue of the waivability of an unknown right. The court in *United States v. Attar,* 38 F.3d 727, 729–33 (4th Cir.1994), also considered a more limited waiver of the defendant's right to appeal his sentence; in fact, that court significantly limited the reach of broad sentencing waiver provisions. *Id.* at 732 (defendant who executes general waiver of right to appeal sentence cannot waive right to appeal sentence on grounds that sentence was imposed in excess of statutory maximum, or that proceedings following entry of plea violated Sixth Amendment right to counsel or other fundamental constitutional rights). *See also United States v. Schmidt,* 47 F.3d 188, 190–91 (7th Cir.1995) ("a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court") (internal quotation marks and citations omitted).

The decision in *United States v. Allison,* 59 F.3d 43 (6th Cir.1995), is inapposite because it involved a sentencing appeal waiver provision in the context of a sentence imposed pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure. *See infra* at 48; *See also United States v. Yemitan,* 70 F.3d 746 (2d Cir.1995).

ring): A defendant can never "knowingly and intelligently waive, as part of a plea agreement, the right to appeal a sentence that has yet to be imposed at the time he or she enters into the plea agreement; such a 'waiver' is inherently uninformed and unintelligent." *Id.* at 571.[4]

If the government wishes to "reduc[e] the burden of appellate and collateral litigation involving sentencing issues," *see* Keeney Memo at 1, it already has a way to do so through a method endorsed by Congress; it can simply negotiate a different kind of plea under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure. Under Rule 11(e)(1)(C), the government has the right to enter into a plea agreement that requires the defendant to give up the right to appeal—but only in limited circumstances. Specifically, in exchange for a defendant giving up the right to appeal, the government agrees to the imposition of a specific sentence at the time the plea agreement is entered. If the court agrees with that sentence, the defendant is precluded from filing a notice of appeal; if not, the plea does not go forward or the defendant is permitted to withdraw it. Rule 11(e)(1)(C), (e)(2)–(4), Fed.R.Crim.P. With this type of plea agreement, a defendant is not forced to accept a future sentence about which he or she knows virtually nothing, because it allows the defendant to clearly see what is being gained and what is being given up. As Congress recognized in 18 U.S.C. § 3742(c), if the government wishes to reduce sentencing appeals by defendants, Rule 11(e)(1)(C) is the proper vehicle, not forcing defendants to blindly give up their statutory rights and requiring courts to abdicate their responsibilities under the Federal Rules and the Constitution.[5]

If the purpose of the waiver proffered by the government is to eliminate frivolous appeals, *see* Keeney Memo at 1, the government is engaging in overkill. There are not very many frivolous appeals of sentences after pleas in this jurisdiction, and, if there were, the United States Attorney could develop a standard motion to dismiss the appeal on grounds of frivolousness. 18 U.S.C. § 3742 lists those few bases on which Congress thought it appropriate to preserve the government's and the defendant's right to appeal. Those appeals that do not fall within the statutory bases undoubtedly could be dismissed in short order. *See United States v. Colon,* 884 F.2d 1550, 1552–53 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989).

The very purpose for the Sentencing Guidelines was to assure more uniformity in criminal sentencing. That was the intent of Congress and the intent of the Guidelines. *See* 28 U.S.C. §§ 991(b)(1)(B), 994(f); United States Sentencing Commission, *Guidelines Manual,* Chapter One—Introduction, Part A at 2 (Nov.1997); S.Rep. No. 225, at 150–51 (1984), *reprinted in* U.S.C.C.A.N. 3182, 3334; *United States v. Ready,* 82 F.3d 551, 556 (2d Cir.1996). What the government seeks to do through the appeal waiver provision is inconsistent with the goals and intent of Congress and the goals and intent of the Sentencing Commission. It will insulate from appellate review erroneous factual findings, interpretations and applications of the Guidelines by trial judges and thus, ultimately, it will undermine uniformity. The integrity of the system depends on the ability of appellate courts to correct sentencing errors, but the waiver provision at issue here inevitably will undermine the important role of the courts of appeals to correct errors in sentencing, a role that Congress has specifically set out for them.

*Id.* at 570 (internal quotation marks omitted).

**4.** As Judge Parker pointed out, there is no logic to the "faulty syllogism" that underlies the analysis of the courts that have approved these waivers:

The right to appeal is a statutory right, not a constitutional right.[ ] The Supreme Court has repeatedly recognized that a defendant may waive constitutional rights as part of a plea bargaining agreement.[ ] *It follows that a defendant may also waive statutory rights, including the right to appeal.*

**5.** Congress continued the sentencing symmetry it intended in subsection (c) of Section 3742 by depriving both the government and the defendant of the right to appeal in the case of a Rule 11(e)(1)(C) plea, unless the sentence imposed is less than (in the case of the government) or more than (in the case of the defendant) the sentence agreed upon in the plea agreement. *See* 18 U.S.C. § 3742(c).

The condition sought to be imposed by the government is inherently unfair; it is a one-sided contract of adhesion; it will undermine the error correcting function of the courts of appeals in sentencing; it will create a sentencing regime where courts of appeals will never have the opportunity to review an illegal or unconstitutional sentence, or a sentence that has no basis in fact, unless those sentencing errors work to the disadvantage of the government. Such a result is inconsistent with what Congress intended when it created the Sentencing Commission and the Sentencing Guidelines. It is inconsistent with the express terms of 18 U.S.C. § 3742, and it is inconsistent with the scheme of Rule 11 of the Federal Rules of Criminal Procedure. A defendant cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has not yet been imposed and about which the defendant has no knowledge as to what will occur at the time of sentencing. This Court therefore will accept no plea agreements containing waiver provisions of this kind.

**SO ORDERED.**