IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51220
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN MANUAL SERNA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CR-153-ALL
USDC No. SA-98-CV-149
--------------------

August 25, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Serna, prisoner number 73146-080, appearing *pro se*, appeals the district court's denial of his motion to vacate sentence.  Finding no error, we affirm.

Serna pleaded guilty to two counts of distributing methamphetamine.  As part of his guilty plea, he specifically waived his right to appeal his sentence based on any grounds other than upward departure, ineffective assistance of counsel, or prosecutorial misconduct.  In both the written plea agreement

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and at the guilty-plea hearing, Serna stated that he understood that his sentence had not yet been determined, but that he nevertheless desired to waive his right to appeal. The district court specifically informed Serna, *inter alia*, of the potential minimum sentence, potential fines, and the effect of supervised release. Serna now contends that the assistance of his counsel was ineffective because his counsel failed to challenge the voluntariness of the appeal waiver. He further contends that the district court erred in denying him relief under the "safety valve" provision of U.S.S.G. § 5C1.2.

A determination of an ineffective assistance claim is a mixed question of law and fact and is reviewed *de novo*. United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). The essence of Serna's appeal is that his counsel should have challenged the waiver based on United States v. Raynor, 989 F. Supp. 43 (D.D.C. 1997), which held that a waiver of the right to appeal a sentence can never be knowing and voluntary if the sentence has yet to be determined. However, Raynor directly conflicts with United States v. Melancon, 972 F.2d 566 (5th Cir. 1992), in which a panel of this court rejected the same argument raised here and held that the uncertainty of a sentence does not render a waiver of the right to appeal a sentence uninformed. Id. at 567-68. Our court has since reaffirmed the principle enunciated in Melancon. See, e.g., United States v. Dees, 125 F.3d 261, 262 (5th Cir. 1997) (defendant was informed of maximum possible sentence, actual sentence fell within that range, and therefore, defendant's plea was informed and voluntary).

As Serna's argument that his waiver was invalid is without merit, it follows that his counsel's failure to challenge the waiver could not have affected the outcome of the case and, therefore, does not constitute ineffective assistance. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) (where argument is without merit, counsel's failure to raise it does not result in prejudice to the defendant). Serna's protestations that counsel's erroneous advice led to the waiver are unavailing as Serna fails to demonstrate how the advice was erroneous.

We decline to address Serna's argument that the district court erred in its application of the safety valve provision as any such alleged error may not be raised by way of a § 2255 motion. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (nonconstitutional claims, such as application of sentencing guidelines, may not be raised for first time on collateral review). Moreover, the issue is outside the ambit of the COA, and Serna has not explicitly requested that we grant a COA on that question. See United States v. Kimler, 150 F.3d 429, 431, n.1 (5th Cir. 1998) (defendant must explicitly request a COA on issues which district court refused to certify for appeal).

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.