UNITED STATES of America,
Plaintiff,

v.

SOON DONG HAN, Defendant.

No. CR 01–430 CRB.

United States District Court,
N.D. California.

Jan. 11, 2002.

Jay Weill, Assistant United States Attorney, United States Attorney's Office, San Francisco, CA, for plaintiff.

Jeffrey M. Weiss, Weiss & Weissman, Inc., San Francisco, CA, for defendant.

## MEMORANDUM AND ORDER REJECTING PLEA AGREEMENT

BREYER, District Judge.

The parties previously submitted a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(B) in which defendant Soon Dong Han unilaterally waives his right to appeal his sentence, including a sentence which is greater than the applicable sentencing guideline range. The Court rejected the agreement on the ground that defendant's broad waiver was not voluntarily and knowingly made. The government has moved for reconsideration of that finding. After carefully considering the arguments made by the government, and having had the benefit of oral argument, the government's motion is DENIED.

### The Terms of the Plea Agreement

Defendant was charged in a three-count Information with making and subscribing false tax returns in violation of 26 U.S.C. section 7206(1). The government alleges that defendant underreported his family's income for the tax years 1996 (Count 1), 1997 (Count 2), and 1998 (Count 3). In the proposed plea agreement, defendant agrees to plead guilty to Count 3 and "to give up [his] right to appeal [his] conviction, the judgment and order of the Court." Plea Agreement ¶¶ 1–4. The plea agreement also states that defendant agrees "to waive any right [he] may have to appeal [his] sentence." Plea Agreement ¶ 4. He also agrees that under the sentencing guidelines his offense level is 11, but acknowledges that the Court is not bound by this calculation. Plea Agreement ¶ 7. The agreement says nothing more about defendant's waiver of appeal of his sen-

tence. In return the government agrees to dismiss the remaining charges a the time of sentencing, to not seek any new related charges, and to "recommend" the above guidelines calculation. *See* Fed. R.Crim.P. 11(e)(1)(B). The Court rejected the plea agreement based on its finding that defendant's unlimited waiver of his right to appeal his sentence was not knowing and voluntary.

## Discussion

A defendant has a statutory right to appeal his sentence. *See* 18 U.S.C. § 3742. A defendant may appeal a sentence imposed in violation of law or as a result of an incorrect application of the sentencing guidelines, or a sentence that is greater than that specified in the applicable guideline range. *Id.* Defendants generally may waive this right. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996). A defendant's pre-sentence waiver of this right, however, is valid only if knowingly and voluntarily made. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000); *Baramdyka*, 95 F.3d at 843. Accordingly, before a district court may accept a plea of guilty, the court must first determine that the defendant understands, among other things, "the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." Fed.R.Crim.P. 11(c)(6). In determining whether a defendant's waiver is made knowingly and voluntarily, the Court must consider, among other things, the express language of the waiver. *See Nguyen*, 235 F.3d at 1182; *see also United States v. Teeter*, 257 F.3d 14, 24 (1st Cir.2001) (holding that the text of the plea agreement is "critically important" to determining knowledge and volition).

### A. The Validity of the Waiver

The parties have proposed a unilateral waiver of the right to appeal defendant's sentence, that is, a waiver of an error that has yet to occur. The proposed waiver purports to be unconditional; regardless of the error and regardless of what sentence is actually imposed, defendant cannot appeal. While the waiver purports to be unconditional, the Ninth Circuit has recognized certain exceptions to a waiver of appeal. Thus, notwithstanding an unconditional waiver, a defendant may appeal a sentence that is beyond the statutory maximum or reflects the use of a prohibited factor, such as race. *See Baramdyka*, 95 F.3d at 843 (recognizing "that the waiver of the right to appeal may be subject to certain exceptions such as claims involving the breach of the plea agreement, racial disparity in sentencing among co-defendants or an illegal sentence imposed in excess of the maximum statutory penalty").

Here, the maximum statutory penalty is 36 months; thus, despite the unconditional language of the proposed waiver, defendant could still appeal a sentence which exceeds the maximum. Nonetheless, the government asks the Court to accept a plea agreement which misrepresents the defendant's appellate rights by stating that defendant waives "any right" he has to appeal his sentence, without exception. *See United States v. Raynor*, 989 F.Supp. 43, 46–47 (D.D.C.1997) (noting the problem with arguing that a plea agreement shows that a defendant has voluntarily and knowingly relinquished his right to appeal his sentence when the agreement itself misstates the scope of the waiver).

The agreement's misrepresentation of defendant's appellate rights, however, is just one problem with the waiver of judicial review of the sentence. In the plea agreement proposed here the parties agree that the total offense level is 11. Plea Agreement ¶ 7. Assuming a likely

criminal history category of I, defendant faces a sentence of 8 to 14 months with the possibility of a split sentence. *See* U.S.S.G. § 5C1.1(d)(2); The parties have also agreed, however, that the Court is not bound by this calculation. Plea Agreement ¶ 7; Fed.R.Crim.P. 11(e)(1)(B). Thus, under the proposed agreement, if the Court imposes a sentence greater than 14 months—the maximum sentence expressly contemplated by the agreement—defendant cannot withdraw his sentence and he cannot appeal. He cannot appeal even if the sentence is based on error, for example, an erroneous computation of the amount of loss or defendant's criminal history category. He cannot appeal even if the Court upward departs on a ground not supported by the record and/or not authorized by the guidelines. He cannot appeal even if the Court erroneously imposes a sentence that is three to eight times more severe than he and the government believe is authorized by the sentencing guidelines.

In practice, the risk that a court will err and impose a sentence greater than that contemplated by the parties is not de minimis. As we have learned since the enactment of these guidelines, their application in any given situation can be a complicated exercise. Not only are there areas of the guidelines that are exceedingly complex, for example, the definition of relevant conduct, the very method by which sentencing factors are determined is evolving.[1] In fact, according to the United States Sentencing Commission's annual report for the year 2000, more than 60 percent of criminal appeals involve issues relating to the application of the sentencing guidelines. Sourcebook of Federal Sentencing Statistics (5th ed.2001).

Moreover, under this plea agreement defendant is waiving his right to appeal before he even knows what information the Court will consider in imposing sentence. While most pleas, such as the one before the Court, are entered prior to the preparation of the presentence report, the Court is required to defer its decision on whether to accept the plea agreement recommendation—here, an offense level of 11—until after the preparation of the report. *See* U.S.S.G. § 6B1.1(c). The presentence report, once prepared, may include erroneous facts, including information related to criminal history, relevant conduct, or a basis for an upward departure—information which could drastically impact the severity of defendant's sentence. *See Raynor*, 989 F.Supp. at 44 (identifying the errors a district court could make which would have a drastic effect on a defendant's sentence). Under the broad unlimited waiver proposed by the parties, however, defendant cannot appeal even if the Court sentences defendant to 36 months based on erroneous but convincing fact information in the presentence report, information of which defendant was not and could not have been aware at the time he entered into the waiver.[2]

Thus, in order to find that defendant's unlimited waiver is made knowingly and voluntarily, the Court must find that defendant would plead guilty if he knew he could receive an erroneous non-appealable sentence at the statutory maximum. There is nothing in the plea agreement

---

1. Recent Ninth Circuit cases have suggested changes in the appropriate standard of proof applied by the district court to sentencing factors. *See United States v. Mezas de Jesus*, 217 F.3d 638, 642–44 (9th Cir.2000); *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999).

2. In general, a court need only be satisfied by a preponderance of the evidence as to disputed sentencing factors. *See* U.S.S.G. § 6A1.3 Commentary; *United States v. Johansson*, 249 F.3d 848, 853 (9th Cir.2001).

that supports a finding that defendant has knowingly and voluntarily agreed to such a risk. While the agreement acknowledges that the Court may conclude that a higher guideline range applies, it does not acknowledge that the Court may erroneously apply a higher guideline range resulting in a much longer sentence, or that the Court may agree to the parties' guideline range but then upward depart on a legally impermissible ground. Indeed, the fact that the plea agreement recites that the parties agree that the offense level is 11 suggests that defendant agreed to give up his right to appeal with the expectation of a sentence based on a total offense level of 11, or a sentence near an offense level of 11.

An expressly unlimited waiver of the right to appeal the yet-to-be imposed sentence cannot be found to be knowing and voluntary on the basis that the sentence ultimately imposed must fall within the maximum possible penalty which was stated to the defendant at the time of the plea. *See* Fed.R.Crim.P. 11(c)(1). Indeed, it is the *unusual* case that calls for the imposition of the statutory maximum sentence. It is far more likely that a defendant at the time of the entry of the plea is fairly contemplating a sentence range in accordance with his and the government's view of the known sentencing factors, and one which does not reflect judicial error. This range is almost always well below the statutory maximum sentence. The question of whether a waiver is made "knowingly" and "voluntarily" thus involves inquiring into whether the defendant would plead guilty and unilaterally give up his right to appeal *if* he understood that the court might impose a legally erroneous sentence which exceeds the range contemplated by the parties and from which the defendant cannot appeal. As the agreement before the Court does not demonstrate that defendant knowingly and voluntarily waives his right to appeal a legally or factually erro-

neous sentence resulting in a sentence as high as 36 months, the Court finds that defendant's waiver is not made knowingly and voluntarily and therefore is not valid. *See Nguyen,* 235 F.3d at 1182. Accordingly, the Court cannot accept the plea agreement. *See* Fed.R.Crim.P. 11(c)(6) (stating that before a court may accept a plea agreement it must determine that the defendant understands any waiver of appellate rights).

The government argues that the Court lacks authority to reject the proposed plea agreement because "the Ninth Circuit has made clear that an appeal waiver is knowing and voluntary even if the defendant waives claims of which he is unaware at the time he enters the plea agreement." The issue here, however, is whether defendant knowingly and voluntarily waived his right to appeal any sentence that does not exceed the statutory maximum, even if the sentence does not fall within the sentencing guidelines and even if the sentence is grossly disproportionate to that contemplated by the parties at the time of the plea. In each of the cases cited by the government, the plea agreement set forth a maximum sentence and provided that the defendant could appeal if the sentence imposed exceeded that maximum. *See Nguyen,* 235 F.3d at 1182 (defendant waived right to appeal provided he is sentenced within guideline range); *United States v. Martinez,* 143 F.3d 1266, 1270 (9th Cir. 1998) (defendant waived right to appeal sentence of 15 years or less); *Baramdyka,* 95 F.3d at 843 (defendant waived right to appeal provided sentence imposed did not exceed that recommended by the government); *United States v. Bolinger,* 940 F.2d 478, 479 (9th Cir.1991) (defendant waived right to appeal sentence that did not exceed 36 months); *United States v. Navarro–Botello,* 912 F.2d 318, 319–20 (9th Cir. 1990) (defendant waived right to appeal if

sentence imposed was within the sentencing guidelines as calculated by the parties in the plea agreement); *see also United States v. Schuman*, 127 F.3d 815, 816 (9th Cir.1997) (waiver of appeal of sentence included exceptions); *United States v. Anglin*, 215 F.3d 1064, 1065 (9th Cir.2000) (waiver of appeal of sentence did not apply if sentence exceeded the guidelines).[3] The government has not cited any case which upholds a waiver similar to the unlimited waiver presented here.

To the contrary, the Ninth Circuit has emphasized that a defendant knowingly and voluntarily gives up a right to appeal errors of which he is not aware and that have yet to occur when he does so in exchange for a set maximum sentence. In *Bolinger*, for example, the defendant waived his right to appeal a sentence that did not exceed 36 months. On appeal the defendant argued that the waiver did not preclude his appeal on the ground that his sentence, while less than 36 months, nonetheless violated the plea agreement because the agreement specified that the defendant was to be sentenced under the guidelines. The court rejected the argument and noted that

> [u]nlike a defendant who is sentenced after trial, a defendant who enters a plea bargain has some control over the terms of his sentence. If a defendant wants to ensure that he is sentenced in strict accordance with the guidelines, he can refuse to waive his right to appeal as a condition of the plea. However, many

defendants find it preferable to waive the right to appeal under the guidelines for a guarantee that they will not be incarcerated longer than a specified period.

940 F.2d at 480 n. 1. Similarly, in *Navarro–Botello* the defendant argued that his waiver of appeal was involuntary because "it is logically impossible to make a knowing and intelligent waiver of unknown rights, and a defendant cannot know or understand what appellate issues may arise until after sentencing." 912 F.2d at 320. The court disagreed: "[w]hatever appellate issues might have been available to [the defendant] were speculative compared to the certainty derived from the negotiated plea with a set sentence parameter." *Id.* at 320. The plea agreement proposed here, however, contains no such guarantee or certainty.

Of course, Rule 11 contemplates that at the time of the plea the Court will inquire into whether the waiver of the right to appeal the sentence is made knowingly and voluntarily. *See* Fed.R.Crim.P. 11(c)(6). The Court believes, however, that such a procedure is inadequate to ensure a knowing and voluntary waiver of the right to appeal the sentence where, as here, the plea agreement itself does not make clear that defendant is waiving his right to appeal an erroneous sentence that may be three to eight times that which is expressly contemplated by the parties, and that the sentence will be based upon informa-

---

**3.** The government insists that the *Nguyen* defendant did not know the guideline range at the time of his plea and therefore the waiver upheld there was similar to the waiver here. It is not at all apparent from the *Nguyen* opinion, however, that the plea agreement did not set forth an applicable guideline range which limited defendant's right of appeal. The discussion suggests there was a set guideline range, *see, e.g., id.* at 1183 (discussing "the" guideline range), and, in any event, on

appeal there was no dispute that defendant was sentenced within the correct range; the appeal issue was whether the defendant's waiver of right to appeal his conviction was valid in light of defendant's apparent ignorance of a substantive defense. *Id.* at 1184. Moreover, a waiver of the right to appeal the sentence conditioned upon the sentence being within the guideline range permits an appeal if the defendant is not sentenced within the applicable range.

tion in the as yet unprepared presentence report. *See Teeter,* 257 F.3d at 24 (holding that the text of the plea agreement should contain "a clear statement elucidating the waiver and delineating its scope"). The plea colloquy is the time to confirm a defendant's prior *understanding* of his plea, not to advise him for the first time of the scope of his plea and the important rights he is waiving. *See* Fed.R.Crim.P. 11(c)(6).

### B. A Proposal

As the above discussion demonstrates, in order to ensure that a waiver of judicial review of the sentence is knowing and voluntary, a plea agreement should, at the very least, set forth a maximum sentence which the defendant would accept based upon certain assumptions as they relate to sentencing factors, including criminal history. If these assumptions are incorrect, or to put it less felicitously, if the court finds otherwise and in doing so is mistaken, then a defendant should be permitted to pursue an appeal. This procedure ensures that the defendant more fully understands what he is waiving; while he cannot be certain of the sentence to be imposed, he can be certain that if the sentence exceeds that which he realistically and reasonably believes is legally permissible, he can still appeal.

As the Court has previously stated, the Court would accept a plea agreement containing a limited waiver of appellate rights—the limitation being within the fair contemplation of both parties as to a reasonable application of the sentencing guidelines to the particular defendant and his conduct at issue. The standard language of a waiver of appeal in the plea agreement could state as follows:

> In exchange for the government's concessions in this plea agreement, defendant waives, to the full extent of the law,

any right to appeal or collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a sentence in excess of ____ months. If the custodial sentence exceeds ____ months, the defendant may appeal, but the government will be free to support on appeal the sentence actually imposed.

Simply stated, every plea agreement containing a waiver of judicial review of the sentence should set forth the maximum sentence which a defendant would accept.

The government complains that while it does sometimes use an appeal waiver in that form, it is not practical to require it in every case, especially because at the time of the plea the presentence report has usually not been prepared. Since the parties will be unsure of the defendant's ultimate guideline range, the parties may not be able to agree on a ceiling and thus the defendant will be unable to enter into a plea agreement. In the alternative, the parties will set the ceiling as high as possible and the practical effect of such an agreement will be the same as the waiver proposed here.

The Court is not persuaded that the proposed procedure is impractical or immaterial. First, since the Court first raised this issue with the government several months ago, *every* plea agreement submitted to the Court with a waiver of appeal, with the exception of the one now before it, has included a maximum sentence.

Second, if the parties cannot agree on a maximum sentence then they should also not be able to agree on an unconditional waiver. To put it another way, if a defendant is truly willing to voluntarily and knowingly enter into a waiver of appeal of the sentence regardless of what sentence is imposed, he should readily agree with whatever ceiling the government proposes.

If the parties are unable to come to an agreement that means that the defendant also is not willing to waive his right to appeal any sentence, regardless of its length. Thus, the only plea agreements that will not be negotiated as a result of the proposed procedure are those plea agreements that would not include a knowing and voluntary unlimited waiver of appellate review in the first place.

Third, the government does not have a legitimate interest in preventing appeals of erroneous sentences that are grossly disproportionate to the sentence contemplated by the parties. Thus, once the parties come to some understanding as to an appropriate sentencing range, the government cannot reasonably insist that a defendant waive his right to appeal any sentence that falls within the statutory maximum, regardless of how disproportionate it is to the sentence the parties deem appropriate.

The procedure proposed by the Court supports the purpose of the guidelines, namely, uniformity and proportionality in sentencing. *See* U.S.S.G. Ch.1 Pt. A(3) (Introduction). The great majority of federal criminal cases are resolved through plea bargains. *See United States v. Faulkner*, 934 F.2d 190, 193 (9th Cir.1991). If the government is permitted to routinely require defendants to unconditionally waive their right to appeal their sentence, the appellate courts' ability to review sentences and ensure that they are being imposed in accordance with the guidelines, will be severely impaired. The district courts will impose sentences without any meaningful review and the purpose of the guidelines will be undermined.

The Court's suggested procedure does not eliminate the possibility of judicial error. Rather, it provides for judicial review of a potential error when the sentence is different from that which was reasonably contemplated by both parties at the time of the plea. To that end, errors which have a disproportionate effect in sentencing will be corrected thereby permitting defendants to obtain a sentence that is governed by a legally correct application of the guidelines. The procedure also does not prevent waivers of appellate review of sentences. Instead, the procedure merely ensures that such waivers are in fact knowing and voluntary and therefore valid and enforceable.

## CONCLUSION

Proper enforcement of waiver of appeals can serve an important function to the judicial process by preserving finality of judgment and sentences imposed pursuant to a valid plea agreements. *See Baramdyka*, 95 F.3d at 843. The plea agreement before the Court, however, is not valid as it does not reflect that defendant's unlimited waiver of his right to appeal his sentence is made knowingly and voluntarily. Accordingly, the government's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**