**UNITED STATES of America,**

v.

**Koollos PHILLIPS.**

**No. 3:00CR00014–005 AS.**
**No. 3:00CV0130 AS.**

United States District Court,
N.D. Indiana.
South Bend Division.

May 15, 2002.

Jay Lauer, South Bend, IN, for Petitioner.

William T. Grimmer, South Bend, IN, for Respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This cause is before the Court on the Petitioner's, Koollos Phillips', Motion for Modification or Vacation of Sentence pursuant to 28 U.S.C. § 2255. Phillips argues that this Court should overlook the waiver of his right to appeal included in his plea agreement because constitutional errors were made in his proceedings that denied him effective assistance of counsel and his due process rights. In addition, he claims that his sentence violates the Supreme Court's opinion in *Apprendi* because it was increased based on factors that were not admitted on the record by Phillips or proved beyond a reasonable doubt.

The Government responded at length on April 22, 2002, asking this Court to uphold Phillips' waiver, and alternatively, denying that any errors were committed. In addition, the Government asserts, as it did at the Sentencing Hearing, that case law in this Circuit establishes that *Apprendi* does not apply in this case. The Court has carefully reviewed the submissions of the parties and now rules as follows.

### I. THE APPEAL WAIVER

Phillips has alleged that his appeal waiver does not apply to constitutional objections to his sentence, which he argues cannot be waived. The primary support for his argument comes from a decision from the District Court for the District of Columbia. *See, United States v. Raynor,* 989 F.Supp. 43 (D.D.C.1997). In that opinion, Judge Friedman opined that a Petitioner cannot knowingly, intelligently, and voluntarily give up the right to appeal a sentence that has yet to be imposed unless he or she is clairvoyant. *Id.* at 44, 49. If this Court could write on a clean slate, it would be favorably disposed toward Judge Friedman's conclusion.

However, this opinion has not found favor with any Circuit Court of Appeals, and is not the rule in this circuit. *See, United States v. Behrman,* 235 F.3d 1049, 1051 (7th Cir.2000)(holding that voluntary waivers of appeal are valid and enforceable); *United States v. Teeter,* 257 F.3d 14, 23 (holding that presentence waivers of appellate rights are valid in theory, and collecting cases from nine circuits where courts agree that, under ordinary circumstances, a knowing, voluntary waiver of the right to appeal from a sentence, contained in a plea agreement, ought to be enforced), *citing*

*United States v. Hernandez,* 242 F.3d.110, 113 (2nd Cir.2001); *United States v. Brown,* 232 F.3d 399, 403 (4th Cir.2000); *United States v. Cuevas–Andrade,* 232 F.3d 440, 446 (5th Cir.2000); *United States v. Fleming,* 239 F.3d 761, 763–4 (6th Cir. 2001); *United States v. Michelsen,* 141 F.3d 867, 871 (8th Cir.1998); *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir. 2000); *United States v. Black,* 201 F.3d 1296, 1300 (10th Cir.2000); *United States v. Howle,* 166 F.3d 1166, 1168 (11th Cir. 1999).

The Seventh Circuit Court of Appeals has recently affirmed its position on waivers in *United States v. Whitlow,* 287 F.3d 638 (7th Cir.2002), *citing, United States v. Hare,* 269 F.3d 859 (7th Cir.2001). In *Hare,* the Seventh Circuit specifically rejected two of the arguments relied upon by Judge Freidman in *Raynor,* the public policy argument, and the contract of adhesion argument. *Hare,* 269 F.3d at 861–2. The Court determined that a plea agreement, including the waiver, is like a contract in which Phillips receives certain promises from the prosecutor in exchange for waiving the right to appeal. *Id.* Rather than violating public policy, the Court concluded that the process promotes public policy in that it allows a defendant to bargain for more concessions from the government. *Id.* The Court in *Hare* also rejected the argument that waivers should be invalidated because they are contracts of adhesion, noting that many criminal defendants plead guilty without agreeing to waive the right to appeal. *Id.*

The current rule in this Circuit is that a waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled for some reason (for example, because it was involuntary). *Hare,* 269 F.3d at 860. The Seventh Circuit does not recognize a general "constitutional-argument exception" to waivers, because "almost every argument in a crim-

inal case may be restated in generic constitutional form", which would vitiate most waivers of appeal and all waivers of collateral attack. *Behrman,* 235 F.3d at 1051. On the other hand, "some constitutional theories—particularly claims that the plea agreement was involuntary or the result of ineffective assistance of counsel—concern the validity of the plea agreement and thus would knock out the waiver of appeal along with the rest of the promises; all terms stand or fall together." *Id.* (citations omitted).

■ Phillips does not argue that his plea agreement is invalid, or that he wants a trial. His constitutional arguments are directed at alleged errors at the sentencing phase, not in negotiating his plea agreement. At his plea hearing, Phillips testified under oath that he had reviewed the plea agreement before signing it and discussed it with his attorney. Pl. Hr'g Tr. at 12–3. The Court explained the various provision of the plea agreement, and specifically brought to this Petitioner's attention the significance of the waiver provision. *Id.* at 15–8, 25–6. In addition, Phillips testified that he was not improperly threatened or coerced into signing the agreement. *Id.* at 6. Therefore, the record shows that Phillips knowingly and voluntarily agreed to this waiver. Because Phillips knowingly and voluntarily agreed to this waiver, the waiver will be enforced and Phillips habeas petition under 28 U.S.C. § 2255 must be denied.

## II. DISCUSSION OF THE MERITS

### A. Ineffective Assistance of Counsel

■ Even if Phillips had not waived his right to challenge his sentence under § 2255, his petition would still have to be dismissed for lack of merit. The Court will address his other arguments briefly in order to lay them to rest. His first argument is that his counsel was ineffective for

failing to ask that he receive a reduction for being a minor participant in the overall conspiracy. In his brief, Phillips claims that he was not involved in a conspiracy with Mr. Woods. Pet. at p. 7. This claim is not credible ·in light of the fact that Phillips pled guilty to the conspiracy charge. At his plea hearing, he admitted that he introduced Ray Woods to someone in California that would provide cocaine to the conspiracy, and that he knew what was going on. Pl. Hr'g Tr. at 18–9.

As an admitted member of a drug conspiracy, Koollos Phillips could have been held accountable for all the drugs that passed through the hands of his co-conspirators. A lengthy sentencing hearing was held to determine the exact quantity of drugs that should be attributed to Phillips, and, based on reliable evidence, this Court decided to limit drug quantity to only the amount that Phillips admitted to handling, plus an amount that was in a shoe box and placed in his hands by a witness. This ruling had the effect of reducing Phillips' offense level by four levels. ·

To succeed on his claim that counsel was ineffective, Phillips must show that his lawyer's performance fell below an objective standard of reasonableness, and that but for counsel's errors, the proceedings probably would have had a different result. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, Phillips attorney made a strategic decision to challenge drug quantity, asking the Court to limit drug quantity to that Phillips actually handled. The strategy paid off, getting Phillips a substantial reduction of four offense levels. Had the attorney chosen the strategy now recommended by Phillips, he would have been sentenced based on the full drug quantity handled by the conspiracy, and received a two-level reduction for

being a minor participant. This would have resulted in a higher sentence.

In this circuit, when no conduct of other participants in a criminal scheme is attributed to a defendant for purposes of sentencing, he is not entitled to a sentencing discount because he is a minor participant in some larger criminal activity. *United States v. Cruz*, 233 F.3d 492 (7th Cir.2000). Phillips could not get sentenced based solely on the amount of drugs he handled and get a reduction as a minor participant. His counsel chose the argument that would achieve the greatest reduction for his client. This certainly does not fall below an objective standard of reasonableness.

**B. Apprendi**

▇ Petitioner's argument under *Apprendi v. New Jersey*, 530 U.S. 466(200), 120 S.Ct. 2348, 147 L.Ed.2d 435 is equally lacking in merit. The Seventh Circuit has consistently held that where the actual sentence imposed is less severe than the statutory maximum, *Apprendi* does not apply. *See, United States v. Leonard*, 289 F.3d 984 (7th Cir.2002) (citations omitted); *see also, United States v. Jones*, 245 F.3d 645, 649 (7th Cir.2001)("We have repeatedly held that when a defendant is sentenced to a term of imprisonment within the statutory maximum, *Apprendi* is beside the point."). In this case, Phillips was sentenced to 235 months. The maximum sentence for possessing and distributing the smallest quantity of cocaine under § 841(b) is twenty (20) years or 240 months. Therefore, Phillips sentence is within the statutory maximum.

"Where the statutory maximum is not exceeded, the sentencing judge may adjust the sentence after making the appropriate findings by a preponderance of the evidence." *Leonard*, at 989. After holding a lengthy sentencing hearing with testimony from a number of witnesses, this Court

determined the appropriate drug quantity to attribute to Phillips by a preponderance of the evidence. Therefore, the sentencing process satisfied all the requirements of *Apprendi* as interpreted by the 7th Circuit.

On the issue of prior convictions, the Court declines Phillips' invitation to anticipate what the Supreme Court might do in the future, and applies the caselaw as it now stands. In *Apprendi*, the Supreme Court carved out an exception to its announced rule, stating "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." The plain language in *Apprendi* removes the fact of a prior conviction from the reach of the rule set forth in that case.

Phillips makes one final argument under *Apprendi*, claiming that a very narrow ruling from the Second Circuit opinion in *United States v. Guevara*, 277 F.3d 111, 119 (2nd Cir.2001) somehow applies to this case. The issue in *Guevara* was whether a judge-made finding of fact that resulted in a mandatory minimum that exceeded the top of the Guideline range had to be established beyond a reasonable doubt. This issue comes up in drug cases when the drug quantity finding triggers a mandatory minimum that exceeds the Guideline range that would otherwise apply. In this case, because of other sentencing factors unrelated to drug quantity, Phillips' Guideline range was at all times above the highest statutory minimum of ten years. Therefore, *Guevara* does not apply to Phillips' sentencing.[1]

---

1. The Supreme Court recently granted certiorari in *United States v. Harris*, 243 F.3d 806 (4th Cir.) to consider this narrow issue, but as no statutory minimum was implicated in this case, a favorable ruling in *Harris* will not help Phillips.

## III. CONCLUSION

For the foregoing reasons, the Petitioner's Motion for Modification or Vacation of Sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED.**

**IT IS SO ORDERED.**