**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Sandy MEDINA, Defendant—Appellant.**

**No. 01–10546.
D.C. No. CR–98–40082–DLJ–02.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Sandy Medina appeals her 135–month sentence imposed after pleading guilty to possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We lack jurisdiction and dismiss.

Medina contends that her waiver of the right to appeal was not knowing and voluntary. We review the validity of a waiver de novo, *United States v. Aguilar–Muniz*, 156 F.3d 974, 976 (9th Cir.1998), and conclude that Medina's contention is unpersuasive. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000) (assessing a knowing and voluntary waiver of appeal based on language of the waiver and facts surrounding the entry of the plea). Medina's reliance on *United States v. Han*, 181 F.Supp.2d 1039 (N.D.Cal.2002) regarding the definition of knowing and voluntary is unavailing. *See Nguyen*, 235 F.3d at 1184 (stating that the point of a waiver is the relinquishment of claims regardless of their merit); *see also United States v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450, 2455, 153 L.Ed.2d 586 (2002) (stating a waiver is knowing and intelligent if the defendant realizes how it would apply generally even if unaware of specific consequences).

Medina next contends that the waiver of appeal is invalid because the government breached the plea agreement; first by failing to provide promised protection to her family, and second by not recommending a downward departure for substantial assistance. Medina failed to allege breach in the district court and she fails to demonstrate on appeal that the government breached. *See United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir.1999) (stating that plea agreements are contracts and the government is held to the literal terms of the agreement).

Because Medina validly waived her right to appeal, we decline to address the contention that her 135–month sentence violates *Apprendi*. *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999).

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.