Shawn JONES, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 97–2816.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 9, 1998.*

Decided Feb. 5, 1999.

---

* Jones's attorney failed to appear at oral argument on November 9, 1998. Accordingly, this appeal was deemed submitted on the briefs and record.

Barbara E. Pitts (submitted), Loyola University of Chicago, Chicago, IL, for Plaintiff–Appellant.

Frances C. Hulin (submitted), Office of the United States Attorney, Springfield, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, CUDAHY and COFFEY, Circuit Judges.

CUDAHY, Circuit Judge.

On March 3, 1995, a jury convicted Shawn Jones of conspiring to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 and possessing cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). After trial and prior to sentencing, Jones entered into a cooperation agreement with the government, which contained a waiver of his rights to appeal and to file a habeas motion under 18 U.S.C. § 2255.[1] The

---

1. The cooperation agreement provides in relevant part: "In consideration of the government offering you the opportunity to cooperate and the potential to earn a downward departure pursu- ant to § 5K1.1 of the Sentencing Guidelines, your client knowingly and voluntarily waives his right to appeal or contest directly, under 18 U.S.C. § 3742 or 18 U.S.C. § 2255, or otherwise,

district court subsequently sentenced Jones to 144 months imprisonment, five years of supervised release and a mandatory special assessment of $100. Notwithstanding the waiver, Jones filed an appeal which was dismissed for failure to pay the required docketing fee. He then moved under § 2255 to vacate, set aside or correct his sentence. The issue here is whether a cooperation agreement that waives the right to file a petition under § 2255 bars a defendant from arguing that he received ineffective assistance of counsel when negotiating the agreement or that the agreement was involuntary. Finding that Jones had knowingly and voluntarily waived his right to file a habeas petition, the district court denied the motion. We part company with the district court and hold that a waiver is ineffective in the particular circumstances of this case. But because Jones has failed to indicate any substantive basis for his claims of ineffective assistance of counsel and involuntariness, we affirm the district court's denial of his motion to vacate, set aside or correct his sentence.

■ The enforceability of a plea agreement—or in this case a cooperation agreement—that waives the right to file a petition under § 2255 is an issue of first impression in this Circuit. The issue is a pure question of law which we review *de novo*. *See Gray-Bey v. United States*, 156 F.3d 733, 737 (7th Cir.1998); *United States v. Jones*, 152 F.3d 680, 685 (7th Cir.1998).

■ We have routinely held that a defendant may waive the right to a direct appeal as part of a written plea agreement. *See United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir.1997) ("the right to appeal is a statutory right, and like other rights—even constitutional rights—which a defendant may waive, it can be waived in a plea agreement") (quoting *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997)); *United States v. Wenger*, 58 F.3d

280, 282 (7th Cir.1995) ("Our legal system makes no appeal the default position. A defendant who finds this agreeable need do nothing. All the waiver in a plea agreement does is to make that outcome part of the parties' bargain."). The validity of an appeal waiver rests on whether it is "express and unambiguous" and whether the record clearly demonstrates that it was made "knowingly and voluntarily." *Woolley*, 123 F.3d at 632 (internal quotations and citations omitted). Before accepting a plea agreement, FED.R.CRIM.P. 11 requires the trial court to discuss with the defendant "a host of issues, including the waiver of certain constitutional rights." *United States v. Agee*, 83 F.3d 882, 884 n. 1 (7th Cir.1996). However, the court is not required to conduct a specific dialogue with the defendant concerning the appeal waiver, so long as the record contains sufficient evidence to determine whether the defendant's acceptance of the waiver was knowing and voluntary. *See Woolley*, 123 F.3d at 632.

■ A waiver of the right to appeal does not completely foreclose review. We have recognized that the right to appeal survives where the agreement is involuntary, or the trial court relied on a constitutionally impermissible factor (such as race), or (as the waiver here specifically provides) the sentence exceeded the statutory maximum. *See United States v. Hicks*, 129 F.3d 376, 377 (7th Cir.1997); *Feichtinger*, 105 F.3d at 1190. In a similar vein, the Fourth and Fifth Circuits have held that a plea agreement waiver cannot bar an appeal based on the Sixth Amendment right to effective counsel. *See United States v. Attar*, 38 F.3d 727, 732 (4th Cir.1994) ("a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations"); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir.1995) ("dismissal of an appeal based on a waiver in the plea agree-

his conviction and the eventual sentence ... on any grounds, unless the court was to impose a sentence in excess of the statutory maximums ... or otherwise imposes a sentence in violation of any law." Jones and both of his attorneys signed the agreement immediately beneath the following statement: "We have read this letter entirely, and we understand and completely agree to the

above terms including the waiver of right to appeal language." At the close of the sentencing hearing, the trial court asked Jones whether he agreed to waive his rights and whether he had read the waiver in full before signing it. Jones told the court that he understood the specific language of the paragraph.

ment is inappropriate where the defendant's motion to withdraw the plea incorporates a claim that the plea agreement generally, and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel").

■ Although we have not had occasion to consider whether a waiver of the right to bring a collateral attack pursuant to § 2255 bars a challenge based on ineffective assistance of counsel or involuntariness,[2] the Fifth and Ninth Circuits have addressed the issue, albeit indirectly. In *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994), the Fifth Circuit took the position that there is no principled means of distinguishing a § 2255 waiver from a waiver of appeal rights. In upholding the § 2255 waiver, the court observed "[s]uch a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel." *Id.* Similarly, in upholding a § 2255 waiver, the Ninth Circuit declined to hold that, even if otherwise valid, such a waiver "categorically" forecloses a challenge "such as a claim of ineffective assistance of counsel or involuntariness of waiver." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993). *See also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994) (expressing doubt that a plea agreement could waive a claim of ineffective assistance of counsel). Lower courts have held to the same effect. See *Pratt v. United States*, 22 F.Supp.2d 868, 870 (C.D.Ill.1998) (upholding a § 2255 waiver against a challenge based on ineffective assistance of counsel but noting that "[h]ad his counsel's ineffective assistance *caused* [the defendant] to waive his right to appeal, today's decision might be different" (emphasis added)); *United States v. Raynor*, 989 F.Supp. 43 (D.D.C.1997) (refusing to enforce a plea agreement waiver of the right to appeal and the right to file a petition under § 2255).

We endorse these sentiments. Our reasons for upholding the voluntariness requirement in the context of waivers of direct appeal rights apply with equal force to the right to bring a collateral attack pursuant to § 2255. Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness. To hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation. Similarly, where a waiver is not the product of the defendant's free will—for example, where it has been procured by government coercion or intimidation—the defendant cannot be said to have knowingly and voluntarily relinquished his rights. It is intuitive that in these circumstances the waiver is ineffective against a challenge based on involuntariness. Mindful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

The government concedes that the authorities point in this direction and does not seek to hold Jones to the terms of his waiver. *See* Respondent's Br. at 14 ("the government concludes that petitioner's claims that he received ineffective assistance of counsel when negotiating the § 2255 waiver in his cooperation agreement, or that his cooperation agreement was otherwise involuntary, may not be barred by invocation of the cooperation agreement he now seeks to contest"). Thus, we cannot approve the district court's determination that the waiver was effective and we hold that Jones was entitled to file a petition under § 2255 challenging the cooperation agreement on the grounds of involuntariness and ineffective assistance of counsel.

■ Ordinarily we would remand to the district court for a determination whether Jones was in fact denied effective assistance of counsel or whether the agreement was involuntary. However, the government argues that since Jones has never identified the substance of his claims, there is nothing to remand and we should simply affirm the district court's denial of his § 2255 motion on that basis. In his brief, Jones merely advances the naked assertions that he was denied effective assistance of counsel and that

---

**2.** The agreement at issue in *Woolley* waived both the right to appeal and the right to file a petition under § 2255. However, the case came before us on direct appeal and we addressed the effect of the waiver solely in that context.

the agreement was involuntary. He contends that the merits are not properly before us and exhorts us to adhere to our general practice of remand.

■ We agree with the government that Jones has failed to adequately specify his claim of ineffective assistance of counsel. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir.1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir.1991)). The only hint of a basis for Jones's claim are allegations raised in the proceedings below relating to the performance of his trial attorney. *See* Appellant's Br. at A–20. But these allegations do not relate to his legal representation during post-trial proceedings including the negotiation of the cooperation agreement. By that time, Jones had successfully moved to have his trial counsel withdraw and he was represented by a different attorney. Thus, Jones has not identified any basis for believing that his acceptance of the waiver was tainted by ineffective assistance of counsel. *See United States v. Standiford*, 148 F.3d 864, 869–70 (7th Cir.1998) (district court was justified in not crediting defendant's "self-serving" assertion of ineffective assistance of counsel which found no support in the record and was contradicted by the FED. R. CRIM P. 11 colloquy). Similarly, Jones has failed to adequately specify his claim of involuntariness. Before the district court, Jones added some flesh to the bare bones of his claim by asserting that he was the victim of government coercion and intimidation—that he agreed to the waiver solely because the government threatened to prosecute his wife. *See* Appellant's Br. at A–10. However, on appeal, Jones merely chants the existence of an involuntariness claim without more. He makes no attempt to argue coercion in any recognizable form.[3]

Jones seems to believe that all he need do on appeal to win a remand is claim ineffective assistance and involuntariness and leave it to the district court to consider specifics. This, however, is incorrect. *See United States v. Walls*, 80 F.3d 238, 243 (7th Cir.1996) (declining to remand where the record was insufficient to discern whether remand was necessary). At a minimum, Jones must establish some factual basis for believing that his case warrants further action in the court below. We decline to remand without knowing what it is that we are asked to remand or whether there is in fact any case at all. Accordingly, we affirm the district court's denial of Jones's motion to vacate, set aside or correct his sentence.

---

**3.** If Jones had raised coercion on appeal, remand might have been appropriate. In the proceedings below, Jones argued that the government has no independent, good faith basis on which to prosecute his wife since she was not implicated in the activities that led to his indictment nor charged with any crime. We note that the allegation of duress, if substantiated, might negate the apparent voluntariness of the waiver. Moreover, it is questionable whether the trial court's colloquy prior to sentencing safeguarded against the possibility of coercion. The court merely asked Jones whether he agreed to waive his rights and whether he had read the waiver in full before signing it. Jones said nothing about coercion during the sentencing hearing but this is hardly dispositive. We recognize that in the case of a cooperation agreement—as opposed to a plea agreement—a trial court is not bound by the strictures of Rule 11. Nevertheless, prior to sentencing, the trial court should take adequate steps to verify that any cooperation agreement represents a voluntary waiver of the defendant's rights. While the court need not recite a litany of questions, it should inquire into circumstances surrounding the negotiation of a waiver which might have a bearing on voluntariness.