**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rolando ARAUJO, Defendant–**
**Appellant.**

**No. 01–1923.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 18, 2001.*

Decided Dec. 19, 2001.

Before Hon. RICHARD A. POSNER, Hon. DANIEL A. MANION, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

### ORDER

In 1996 Rolando Araujo was sentenced to 96 months' federal imprisonment for having arranged a cocaine deal from an Illinois prison where he was then serving two separate and consecutive state sentences. The district court ordered that the federal sentence was to run consecutively to Araujo's state time, but the court did not distinguish between the two state sentences, one of which was six years and the other fifteen. Almost five years later. Araujo filed a motion seeking a "clarification" of his sentence. He argued that his federal sentence was actually concurrent with his fifteen-year state term and consecutive only to the six-year term. He based his argument on conflicting language in both the court's oral pronouncement of his sentence and the court's written commitment order. The district court denied Araujo's motion, but went on to state that a "clerical error" had occurred when the written commitment order failed to incorporate the court's intent, expressed at the sentencing hearing, "to have the federal sentence served consecutively to both state sentences." The court then corrected the error pursuant to Federal Rule of Criminal Procedure 36.

Araujo appeals, but we dismiss the appeal rather than reach the merits because Araujo signed a plea agreement relinquishing his right to "pursue any appeal in this case, including an appeal of his sentence." *See Jones v. United States,* 167 F.3d 1142, 1144–45 (7th Cir.1999). This appeal falls within the broad language of Araujo's appeal waiver and is therefore DISMISSED.