**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bryant WELLS, Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**LaShonna JOHNSON Defendant–**
**Appellant.**

No. 01–1767.

United States Court of Appeals,
Seventh Circuit.

Submitted June 27, 2002.

Decided July 3, 2002.

Before Hon. RICHARD A. POSNER, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

Siblings Bryant Wells and LaShonna Johnson pleaded guilty to conspiring to

distribute and possess with intent to distribute more than 50 grams of crack and 500 grams of cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and entered written agreements in which they pledged cooperation in exchange for downward-departure motions from the government, *see* U.S.S.G. § 5K1.1. Wells also pleaded guilty to twelve counts of distributing crack, *see* 21 U.S.C. § 841(a)(1). The agreements included appeal waivers conditioned on the grant of sentencing departures equivalent to two-level reductions in offense level, but both defendants fared even better: Wells received a three-level reduction and a ten-year sentence; Johnson got a seven-level reduction and three years of imprisonment. Wells and Johnson nonetheless appealed, and their attorneys, finding all potential arguments frivolous, have moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Both *Anders* briefs are commendable, and because Wells and Johnson declined our invitations to respond, *see* Cir. R. 51(b), the briefs alone guide our review, *see, e.g., United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel first observe that none of the arguments that survive broad appeal waivers are available to their clients: no record evidence suggests that either defendant was sentenced based on a constitutionally-impermissible factor, and both sentences are within the statutory maximum of life imprisonment. *See, e.g., Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir.1999) (right to appeal survives waiver where sentence is based on impermissible factor or exceeds statutory maximum). We agree that arguments along these lines would be frivolous.

Any other argument, counsel note, would require cancellation of the plea agreements, *see United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir.2002); *United*

*States v. Hare,* 269 F.3d 859, 860 (7th Cir.2001), as by showing they were not entered knowingly and voluntarily, *see Hare,* 269 F.3d at 860; *United States v. Behrman,* 235 F.3d 1049, 1051 (7th Cir. 2000). Johnson's attorney concludes that such an argument would be frivolous because of Johnson's oral and written representations that she read and understood the plea agreement, including the waiver provision, and the district judge's compliance with Federal Rule of Criminal Procedure 11. We agree with this assessment. *See, e.g., Schuh,* 289 F.3d at 974 (potential argument based on voluntariness of guilty plea would be frivolous because of defendant's statements at plea colloquy and court's substantial compliance with Rule 11). We need not consider whether Wells might raise a similar argument because his attorney has decided that annulling the plea agreement would contravene Wells's interests. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002) (lawyers may limit appellate arguments to those that would do more good than harm; *Anders* brief should not explore Rule 11 arguments unless defendant wants to withdraw plea).

Both motions to withdraw are GRANTED and both appeals are DISMISSED. Wells's motion for appointment of new counsel and the government's motion to dismiss Johnson's appeal are DENIED.