**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 17, 2005
Decided November 22, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2378

| | |
|---|---|
| UNITED STATES of AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Central District of Illinois |
| *v.* | No. 03-20064-001 |
| KEITH BENNETT JOHNSON,<br>    *Defendant-Appellant*. | Michael P. McCuskey,<br>*Chief Judge*. |

**O R D E R**

Keith Bennett Johnson was charged with bank fraud, 18 U.S.C. § 1344, and wire fraud, *id.* § 1343.  Johnson entered into a written plea agreement that called for him to plead guilty to the bank-fraud count and waive his right to appeal his conviction or sentence.  The district court sentenced him to 46 months of imprisonment to be followed with five years of supervised release.  Johnson filed a notice of appeal despite the waiver, but his attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because she is unable to find a nonfrivolous issue for appeal.  Johnson was notified of counsel's motion, *see* Cir. R. 51(b), and has responded.  We limit our review of the record only to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam), and in Johnson's submissions.

Johnson's plea agreement includes an unqualified promise to forego challenging, whether by direct appeal or collateral proceeding, "any and all issues relating to this plea agreement and conviction and to the sentence . . . on any ground whatever." An appeal waiver is enforceable if entered into knowingly and voluntarily. *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005). Thus, Johnson is barred from proceeding with this appeal unless he can overcome his waiver, and he cannot contest the waiver without challenging the entire plea agreement. *See United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2002). Counsel represents that Johnson has no desire to withdraw his guilty plea and, in the process, give up the benefits he received under the plea agreement. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002) (withdrawing guilty plea may result in losing bargained-for benefits in plea agreement). Accordingly, an attempt to invalidate the waiver would be frivolous. *See United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001). It matters not that Johnson proposes to argue that his attorney mishandled aspects of his case; the waiver he executed encompasses claims of ineffective assistance by trial counsel, and since the alleged deficiency is unrelated to the negotiation of the appeal waiver, the waiver is no less effective in precluding an argument about counsel's performance. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998).

Accordingly, we GRANT counsel's motion to withdraw and dismiss the appeal.