**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2005
Decided January 11, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3860

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 01 CR 110 |
| JOHN B. ABDALLA, *Defendant-Appellant.* | Larry J. McKinney, *Chief Judge* |

**O R D E R**

John Abdalla pleaded guilty to conspiracy to possess and distribute pseudoephedrine, 21 U.S.C. §§ 846, 841(c)(2). Abdalla came to the attention of authorities after a truck rented in his name was stopped for speeding and found to contain 1.6 million pseudoephedrine pills. Abdalla cooperated in the government's investigation as a condition of his plea agreement, which also includes a waiver of any right to appeal if his sentence of imprisonment imposed is within or below the guideline range applicable to stipulations reached by the parties. Because of Abdalla's substantial cooperation with law enforcement authorities, the government asked the district court to depart from the guidelines and impose a lesser sentence pursuant to § 5.K1.1 of the Sentencing Guidelines. The district court agreed and sentenced Abdalla to 97 months'

imprisonment, well below the range of 168 to 210 months the parties originally anticipated. The court also imposed three years of supervised release and a $100 special assessment. Abdalla appeals despite his waiver, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous issue. We confine our review to the potential issues counsel identifies and those proposed in Abdalla's response filed pursuant to Circuit Rule 51(b). *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The appeal waiver in Abdalla's plea agreement was triggered when the district court accepted the parties' sentencing stipulation and imposed a sentence of imprisonment below the resulting range. The waiver in this case is an unqualified promise to forego challenging his conviction and sentence, either by direct appeal or collateral attack, "on any ground." An appeal waiver is enforceable if entered into knowingly and voluntarily. *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005). Thus, Abdalla simply cannot proceed with this appeal unless he can overcome his waiver, and he cannot contest the waiver without challenging the entire plea agreement. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Counsel represents that Abdalla does not want to revoke his guilty plea and, in the process, forego the benefits he received under the plea agreement. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002) (stating that withdrawing guilty plea may result in losing bargained-for benefits in plea agreement). Accordingly, an attempt to invalidate the waiver would be frivolous, *see United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001).

Abdalla states that he can argue on appeal that his attorney was ineffective by not arguing for a safety-valve sentence reduction under 18 U.S.C. § 3553(f)(1)-(5). Although an argument of ineffective negotiation of a plea waiver survives the waiver itself, *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998), Abdalla's argument that he would be eligible for the reduction is unsupported by the record. It furthermore appears that Abdalla would be ineligible for the safety-valve reduction because he admits in the presentence investigation report that he organized and supervised the drug conspiracy ("I arranged to transport a large quantity of pseudoephedrine; I enlisted the help of my friends. . . . I admitted the truck was mine."). *See* 18 U.S.C. § 3553(f)(4). Because Abdalla cannot show that he was prejudiced by counsel's failure to argue for the safety-valve reduction, *see Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005), this argument is frivolous.

Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.