**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2006
Decided May 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3227

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>VINCENTE HERNANDEZ,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03-CR-933-1<br><br>Elaine E. Bucklo,<br>*Judge*. |

**O R D E R**

Acting on a tip that Vincente Hernandez was involved in heroin smuggling, police conducted surveillance on his house and eventually arrested him. Hernandez pleaded guilty to one count of conspiracy to possess with intent to distribute more than one kilogram of heroin, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 188 months' imprisonment. The plea agreement includes a waiver of Hernandez's right to appeal his sentence with limited exceptions. Hernandez's counsel now seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Hernandez has not responded to our notice under Circuit Rule 51(b). We therefore limit our review to the potential issues raised by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Hernandez could challenge his guilty plea on grounds that the plea colloquy did not comply with Federal Rule of Criminal Procedure 11. Counsel points out that the district court violated Rule 11 by omitting three warnings from the colloquy—that the court must consider the Guidelines but may depart from them, that the appeal waiver precluded Hernandez from directly appealing or collaterally attacking his sentence except under certain circumstances, and that the court could order forfeiture. *See* Fed. R. Crim. P. 11(b)(1)(M), (N), (J). Counsel explains that he is addressing this issue because Hernandez is "unsure" whether he wants to set aside his guilty plea. But counsel should not raise a challenge to a Rule 11 colloquy on appeal, or even consider the question in an *Anders* brief, unless the defendant "really wants to withdraw the guilty plea." *United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002). Because Hernandez has not indicated that he wants to withdraw his plea, any consideration of the issue would be inappropriate. *See id.* In any event, the information omitted by the district court in its Rule 11 colloquy—regarding the Guidelines, appeal waiver, and forfeiture—would be harmless error because each of those warnings was outlined in Hernandez's written plea agreement. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir. 2001).

Counsel next considers challenging Hernandez's sentence but deems any such argument precluded by the broad appeal waiver included in his plea agreement. That agreement provides that Hernandez "knowingly waives the right to appeal any sentence within the maximum provided by the statute of conviction" with certain exceptions not present here. Because the appeal waiver stands or falls with the plea agreement, counsel properly concludes that any arguments not reserved in the appeal waiver would be frivolous. *See, e.g.*, *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). Hernandez's sentence here was lawfully imposed because it is below the statutory maximum for his offense and not based on a constitutionally impermissible factor. *See United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *Jones v. United States*, 167 F.3d 1142, 1444 (7th Cir. 1998).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.