UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 3, 2006
Decided June 6, 2006

**Before**

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1817

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the |
| | Southern District of Illinois |
| *v.* | |
| | No. 04-CR-30056 |
| CHRISTOPHER COLON, | |
| *Defendant-Appellant.* | David R. Herndon, *Judge*. |

**O R D E R**

Christopher Colon was charged in a one-count indictment with conspiracy to distribute 12,000 tablets of MDMA, commonly known as Ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2.  He entered into a plea agreement and was sentenced to more time than he was expecting:  121 months.  In this appeal, he is objecting to the length of his sentence.

There are a number of obstacles to Colon's obtaining the relief he wants. First of all, he entered a plea agreement in which he waived his right to appeal.  We generally enforce such waivers except in cases in which the plea agreement is involuntary or the trial court relied on a constitutionally impermissible fact, such as race.  See Jones v. United States, 167 F.3d 1142 (7th Cir. 1999).  To satisfy ourselves about what happened in this case, we have asked the parties to provide us with information so that we can better understand the context in which Colon's plea

agreement was entered.  We will return to this issue after we briefly touch on the other obstacles Colon faces.

Colon says that under the plea agreement, he and the government concurred that a proper sentence would be within the range of 70 to 87 months, but that when the judge notified the parties that he disagreed with the range, the government went along with the judge.  He sees this as a breach of the agreement.  The problem is that the agreement provides:

> The Government specifically reserves the right to argue for, present testimony or otherwise support the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the submitted calculations set forth herein by the Defendant and the Government).

Another problem is that Colon never asked the district judge, nor has he asked us, to set aside the plea agreement, which would normally be the remedy for breach of the agreement.

In addition, although Colon does not like the result of the judge's striking out on his own to calculate his sentence, he does not contend that the calculation was in error.  What he does contend is that some of the factors were not found beyond a reasonable doubt in violation of United States v. Booker, 125 S. Ct. 738 (2005).  However, that argument cannot stand now that the guidelines are advisory.  Clearly, this district judge knew the guidelines were advisory--as by now do all federal judges, criminal defense lawyers, and probably even  probate lawyers who have never advised a criminal defendant in their lives.

In calculating the sentence, the judge determined found that a punch dagger found in Colon's possession when he was arrested was a dangerous weapon--which increased his offense level by 2 points.  Colon does not argue (wisely, we think) that the item was not a dangerous weapon.  The judge also found that a conviction for disorderly conduct, on which Colon was serving a "conditional discharge" at the time of the offense, was tantamount to probation--see United States v. Caputo, 978 F.2d 972 (7th Cir. 1992)--thus increasing his criminal history by one level.  Colon does not dispute the correctness of this finding.  Finally, Colon contends that it was wrong for the judge not to honor the agreement and to find that Colon was not entitled to a reduction for his "minor role" in the offense.  He does not argue that the finding was erroneous, in an abstract sense.

In other words, Colon does not contend that any of these findings were erroneous. What he contends is that the first two were not included in the stipulation of facts filed with his plea agreement and that the plea agreement provided that he should receive a 2-level decrease in his offense level for his minor role in the offense. The judge did not go with the program, and the prosecutor sided with the judge. As we said, the plea agreement provided that the government could defend the judge's findings. The plea agreement also made clear that the judge was not bound by its calculations. During Colon's change-of-plea hearing, the judge thoroughly reviewed the plea agreement and advised Colon that he could be sentenced up to 20 years in prison. The judge also advised Colon that the agreement was not binding on him:

> Now do you understand that the terms of this agreement,
> to the extent that they make recommendations to the
> Court are not binding on the Court? I could either go
> along with them or I just don't have to. I can reject them
> and say, look, it's nice that this is what the government
> agreed to, but I just don't think that they're the right
> thing to do in this case.

The judge also entered an order prior to sentencing alerting Colon that he did not agree that Colon played only a minor role in the offense. It is hard to see a basis for the relief Colon seeks.

The matter which was of some concern to us is the timing of various events. Could the government be seen to have entered an agreement that said Colon was a minor participant while, at that time, knowing that the judge would refuse to make the finding? We allowed the parties to file supplemental information regarding the timing of Colon's plea agreement and the sentencing of a codefendant. At the latter sentencing, the judge was rather clear about his opinion that neither the codefendant nor Colon were minor participants. Depending on which came first-- the codefendant's sentencing or Colon's plea agreement--there might be some room to see the government as sandbagging Colon in the plea agreement; that is, having him sign an agreement which provides for a reduction in his offense level for being a minor participant while knowing the judge would reject the reduction. The supplemental filings have eliminated that concern. Colon's plea agreement was signed 4 months prior to the sentencing of the codefendant.

Colon, quite understandably, does not think that he got what he bargained for. But his plea agreement was not a guarantee. The prosecution did not do anything the agreement did not allow. And the judge, of course, was not bound by

the agreement. Furthermore, in the agreement, Colon waived his right to appeal. He simply cannot get from here to where he wants to be.

For all these reasons, the judgment of the district court is AFFIRMED.