NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2580

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> RONNIE TAYLOR, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division <br><br> No. 2:05 CR 205 PS <br><br> Philip P. Simon, <br> *Judge.* |

**O R D E R**

Ronnie Taylor pleaded guilty to one count of carrying a firearm in furtherance of a drug trafficking offense, *see* 18 U.S.C. § 924(c), in exchange for the government dropping three other counts originally charged in the indictment against him. As part of his plea agreement, Taylor waived the right to appeal his conviction and sentence on any ground except for ineffective assistance of counsel relating to the waiver or its negotiation. The district court sentenced him to 60 months' imprisonment, the mandatory statutory minimum, followed by three years' supervised release. Despite his waiver, Taylor filed a notice of appeal, but his appointed counsel moves to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is facially adequate, and Taylor did not respond to our

invitation under Circuit Rule 51(b) to comment on counsel's submission. We thus review only the potential issues identified in counsel's brief. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Taylor might challenge the voluntariness of his guilty plea. But counsel has indicated that Taylor does not wish to withdraw his plea, and we have held that a lawyer making an *Anders* submission should not even explore questions about a guilty plea unless the defendant wants the plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel also considers whether any ground exists on which Taylor could attack his conviction or sentence. But in the plea agreement, Taylor expressly waived his right to appeal his sentence. Because the appeal waiver stands or falls with the guilty plea itself, and because the sentence does not exceed the statutory maximum, counsel properly concludes that any argument not reserved in the appeal waiver would be frivolous. *See United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2002); *Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir. 1999). Moreover, the one argument that was reserved in the waiver—ineffective assistance of counsel in negotiating the waiver—would be a claim better suited for collateral review. *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir. 2003).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.