

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2007

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Robinson" (2007). *2007 Decisions.* Paper 611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.: 04-2372

UNITED STATES OF AMERICA

v.

TROY ROBINSON
a/k/a
TROY SHABAZZ

Troy Robinson,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00760)

District Court: Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2006

Before: SCIRICA, Chief Judge, MCKEE and
STAPLETON, Circuit Judges

(Opinion filed: August 7, 2007)

**OPINION**

McKEE, Circuit Judge

Troy Robinson appeals the district court's order denying the habeas petition he

filed pursuant to 28 U.S.C. § 2255 in which Robinson challenges the sentence that was

imposed following his negotiated guilty plea. In that plea agreement, Robinson waived

his right to appeal or collaterally attack his sentence or conviction except in limited

circumstances not relevant here. As we explain, based upon that waiver, we will affirm the district court's order denying relief.

## I.

Because we write primarily for the parties, we have no need to recite the underlying facts or procedural history of this case except insofar as may be helpful to our brief discussion. We apply a *de novo* standard of review when determining the validity of a waiver of appellate rights. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir., 2001).

In its Memorandum Opinion dated April 30, 2004, the district court explained that all of Robinson's claims for collateral relief, including the claim of ineffective assistance of counsel, were barred by the terms of his plea agreement. ¶ 7 of that Agreement provides in part as follows: "In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, . . .." Notwithstanding that provision, however, ¶ 7(b) of the Agreement allows Robinson to take a direct appeal if the government appeals or if his sentence exceeds the statutory maximum or results from an erroneous upward departure "from the otherwise applicable sentencing guideline range."

Robinson's sole allegation of error here is that the district court erred in not determining whether the waiver was knowing and voluntary. We issued a certificate of appealability limited to allowing Robinson to appeal the effectiveness of his trial counsel

for not appealing the sentence based on an allegedly erroneous upward departure under U.S.S.G. § 2B1.1(b)(3).

Robinson rests his ineffectiveness claim on his challenge to the sentencing court's adjustment from the base offense level of 6 under U.S.S.G. § 2B1.1(b)(3). The court increased that base level for reasons the court explained in its Memorandum in support of the denial of Robinson's habeas petition. *See* J.A. 7 at n 2. The court also increased Robinson's offense level another 2 levels because the offense "involved a theft from the person of another." *Id* at 7. Robinson now claims trial counsel was ineffective for not appealing the increase, but he does not challenge the findings of fact it was based upon; i.e. theft of the diamonds from the "person of another." Similarly, he does not suggest that the sentence he received exceeds the statutory maximum, and it is clear that it does not.

We have held that appellate waivers such as the one in Robinson's plea agreement deprives us of jurisdiction over an appeal, so long as the waiver is entered into knowingly and voluntarily and does not work a miscarriage of justice. *See Khattak*, 273 F.3d at 563. Although Robinson is collaterally attacking his sentence rather than challenging it on direct appeal, the same considerations apply. *See Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999). Even though we spoke in terms of such agreements depriving us of jurisdiction in *Khattak*, we did not dismiss the appeal there for lack of jurisdiction. Rather, we *affirmed* the judgment of conviction.

In *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007), we explained that, notwithstanding some of the language in *Khattak*, a waiver of appellate rights does not actually deprive us of jurisdiction, and that the fact that we affirmed in *Khattak*, rather

3

than dismissing the appeal suggests we actually had jurisdiction that we simply refused to exercise. Thus, as we explained in *Gwinnett*, in order to enforce such waivers and ensure that they are meaningful, "we will not exercise [our] jurisdiction. . . if we conclude that [a defendant] knowingly and voluntarily waived [his/her] right to appeal unless the result would work a miscarriage of justice." Indeed, it could hardly be otherwise for an agreement between a prosecutor and a defendant could hardly divest us of jurisdiction bestowed by Congress.

Here, Robinson's allegations of ineffectiveness extend to trial counsel's purported failure to properly explain the provisions of the plea agreement waiving the right to appeal or collaterally attack any sentence imposed pursuant to the plea agreement. However, the argument is refuted by the record.

As the district court noted, ¶ 7 of the plea agreement clearly explains that Robinson is waiving his right to appeal "or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under . . . 28 U.S.C. § 2255, or any other provision of law. " with narrow exceptions not relevant here.

Although Robinson told the sentencing court that he could not read well, defense counsel told the court that he (counsel) had explained the plea agreement to Robinson, including the wavier, in Robinson's presence. Robinson confirmed that, and stated that he understood the terms of the agreement and had no questions. In addition, the court and the prosecutor both reiterated that Robinson was waiving his right to challenge any aspect of the proceeding with certain narrow exceptions.

Robinson now asks us to ignore the record and find that the waiver was not knowing and intelligent because the court did not explain the exact terms of the waiver with precision in open court. However, given the colloquy, the wording of the plea agreement, representations of defense counsel, and statements by the prosecutor as well as Robinson, the record here is sufficient to establish that the waiver was knowing and voluntary despite Robinson's attempts to disavow it.

Except for Robinson's unsupported allegations, there is nothing on this record to suggest that Robinson's waiver is not valid and enforceable as written. In fact, the record establishes the contrary. On this record, we can not reverse the district court's denial of habeas relief without making a mockery of the waiver Robinson signed; the same kind of waiver that we have already determined to be valid and binding when entered into knowingly, and intelligently. *See Khattak*, and *Gwinnett*, *supra*. Since the record here establishes that this waiver was knowing and intelligent, we will refrain from exercising our jurisdiction, and affirm the district court's order denying habeas relief based on the terms of the plea agreement.

## II.

For the reasons set forth herein, we will dismiss the appeal.

5