NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2010
Decided February 11, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2301

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 07-30182-01-WDS |
| MIGUEL MARISCAL, JR., *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**O R D E R**

Miguel Mariscal pleaded guilty to conspiracy to distribute cocaine and marijuana, conspiracy to possess cocaine and marijuana with the intent to distribute, and possession of cocaine with the intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to 240 months' imprisonment. Mariscal appeals, but his appointed counsel seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because she cannot identify any nonfrivolous issues to raise on Mariscal's behalf. We confine our review to the potential issues identified in counsel's facially adequate brief and Mariscal's response under Circuit Rule 51(b). *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). We grant counsel's motion to withdraw and dismiss Mariscal's appeal.

Mariscal's plea agreement contained a waiver precluding him from appealing or challenging his conviction or sentence under any provision of federal law unless he was

sentenced to a term of imprisonment above his guidelines range. It also contained an estimate of Mariscal's offense level and criminal-history category under the sentencing guidelines. But both Mariscal and the government were surprised by the presentence investigation report, which calculated an offense level and criminal-history category greater than either party had anticipated. Mariscal thought his lawyer had misled him and moved to withdraw the plea. The district court appointed a new lawyer, and after consulting with him, Mariscal changed his mind and withdrew his motion. The district court adopted the presentence investigation report's calculations, granted the government's motion for a below-guidelines sentence in recognition of the substantial assistance Mariscal had provided, and sentenced Mariscal to 240 months' imprisonment.

Mariscal advised counsel that he has changed his mind again and now wishes to withdraw his plea, so counsel properly considers challenging whether the plea was knowing and voluntary. We agree with counsel that the only possible error the district court committed during the change-of-plea colloquy was neglecting to inform Mariscal of his right to persist in his plea of not guilty. *See* FED. R. CRIM. P. 11(b)(1)(B). But the error is harmless because, having previously moved to withdraw his guilty plea, Mariscal already knew the information the district court omitted. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). Mariscal's plea agreement also advised him of this right.

Counsel next considers challenging Mariscal's sentence. But as counsel properly observes, Mariscal's appeal waiver forecloses any challenge to his sentence except a claim that it exceeded the statutory maximum, that the district court relied on an unconstitutional factor, or that the appeal waiver itself was the product of ineffective assistance. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

Mariscal's response to counsel's motion does contain allegations that the lawyer who negotiated the appeal waiver provided ineffective assistance. An ineffective-assistance claim, however, is best raised on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

We GRANT counsel's motion to withdraw and DISMISS Mariscal's appeal.