**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

v.

MONTE M. WHITE,

Defendant - Appellant.

No. 10-6042
(D. Ct. Nos. 5:09-CV-00728-R and
5:08-CR-00093-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Monte M. White, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the denial of his petition for habeas corpus which he brought pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), we DENY Mr. White's application for a COA, and we

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

DISMISS his appeal.

## I.  BACKGROUND

On August 8, 2008, Mr. White was charged by superseding information with possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Additionally, pursuant to 21 U.S.C. § 853, the information provided for the forfeiture of any property constituting or derived from proceeds obtained through the commission of the above crimes.

Mr. White executed a Petition to Enter Plea of Guilty, in which he admitted that he had committed the crimes with which he was charged and agreed to waive both his right to appeal and to collaterally attack his conviction.  Furthermore, Mr. White acknowledged that he had decided to plead guilty and to waive certain rights knowingly and voluntarily.

On August 11, 2008, Mr. White and the government entered into a plea agreement that contains admissions and waivers that are substantially similar to those in the Petition to Enter Plea of Guilty.  With regard to the waivers of appellate rights and the right to collaterally attack the conviction, the plea agreement provides:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>
> a.  Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b.  Appeal, collaterally challenge, or move to modify under 18 U.S.C. §

- 2 -

3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case.

Similarly, the plea agreement provides that, "Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein."

During the plea colloquy, Mr. White acknowledged that he understood both the charges against him and the maximum penalties he faced, and that he had made his decision to plead guilty voluntarily and completely of his own free choice. Furthermore, he stated that he was satisfied with the services of his attorneys and that he believed they had done all they could to assist him. The district court accepted Mr. White's guilty plea and imposed a total sentence of 185 months' imprisonment, which was comprised of 125 months for the drug charge and 60 months for the firearms charge to be served consecutively. Additionally, the district court ordered the immediate forfeiture of property that had been illegally obtained by Mr. White.

On July 14, 2009, Mr. White filed the instant § 2255 petition in which he attempts to challenge his convictions and the forfeiture of his ill-gotten property. Additionally, Mr. White alleges that he received ineffective assistance of counsel at all stages of his criminal proceedings and that his counsel misled him into pleading guilty by overstating the maximum penalties he could potentially receive if he were convicted in a jury trial. The district court concluded that the waivers of Mr. White's right to collaterally attack his

conviction and the forfeiture of his property are enforceable and that all of his claims are barred by those waivers. Accordingly, the district court dismissed his petition. Mr. White then filed a notice of appeal and applications for a COA and for leave to proceed in forma pauperis on appeal. The district court denied both applications, and Mr. White now seeks a COA from this court.

## II. DISCUSSION

In order to appeal from the denial of a § 2255 petition, a prisoner must obtain a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). When the district court denies a prisoner's petition on the merits, a prisoner satisfies this burden by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as is the case here, the district court denies a § 2255 petition on procedural grounds, however, the prisoner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Generally, a waiver of the right to bring a collateral attack is enforceable and will

- 4 -

prevent a prisoner from bringing a § 2255 petition. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). Such waivers are not enforceable, however, if: (1) the disputed collateral attack is not within the scope of the waiver; (2) the prisoner did not knowingly and voluntarily waive his rights; or (3) the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (reviewing a waiver of appellate rights); *see also Cockerham*, 237 F.3d at 1182–83 (holding that the enforceability of a waiver of the right to bring a collateral attack is assessed under the same standards as a waiver of appellate rights).

In his § 2255 petition, Mr. White raises multiple claims challenging the validity of his conviction and the forfeiture of his property. Specifically, he alleges that: (1) he is actually innocent of both charges to which he pleaded guilty; (2) he was unlawfully prevented from obtaining bail; (3) he is the victim of selective prosecution; (4) the government withheld exculpatory evidence during plea negotiations; and (5) his counsel provided constitutionally deficient representation during plea negotiations.

Mr. White's first four claims clearly fall within the scope of the broad waiver provisions in Mr. White's plea agreement. Furthermore, in the Petition to Enter Plea of Guilty, the plea agreement, and during the plea colloquy, Mr. White acknowledged that his decision to enter into the plea agreement was knowingly and voluntarily made, and nothing in Mr. White's application for a COA or in the record suggests otherwise. Thus, we must determine only whether reasonable jurists could debate the district court's conclusion that enforcing the waiver provisions to bar these claims would not result in a

- 5 -

miscarriage of justice.

A waiver of post-conviction rights results in a miscarriage of justice and is therefore unenforceable if: (1) the district court relied on an impermissible factor such as race; (2) the prisoner's counsel was ineffective in connection with the negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. *Cockerham*, 237 F.3d at 1182. Only the second of these circumstances is potentially applicable in this case; however, Mr. White fails to demonstrate that his counsel was ineffective.

Generally, to demonstrate ineffective assistance of counsel Mr. White must show that his "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Because he alleges that he received ineffective assistance of counsel in connection with the negotiation of a guilty plea, however, he must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. White's ineffective assistance claims allege that he unwittingly entered into the plea agreement based on his attorneys' inaccurate representations that he faced a potential life sentence if he proceeded to a jury trial. It is Mr. White, however, who is mistaken as to the potential penalty he would have faced had he tried his case to a jury.

- 6 -

Indeed, 21 U.S.C. § 841(b)(1)(A) clearly provides for a maximum sentence of life imprisonment based on the amount of drugs Mr. White possessed. Accordingly, Mr. White does not establish any error on the part of his counsel, let alone prejudice because of his counsel's error. Therefore, enforcing the waiver provisions in Mr. White's plea agreement would not result in a miscarriage of justice and the district court correctly concluded that Mr. White's first four claims are barred by those waiver provisions.

The district court erred, however, in concluding that Mr. White's ineffective assistance of counsel claims are also barred by the waivers in his plea agreement. We have held that "'a claim of ineffective assistance of counsel in connection with the negotiation of a plea agreement cannot be barred by the agreement itself.'" *Cockerham*, 237 F.3d at 1184 (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999)). As discussed above, Mr. White's ineffective assistance of counsel claims allege that he entered into the plea agreement based on his counsel's inaccurate advice that he could face a life sentence if he proceeded to a jury trial. Thus, those claims are in connection with the negotiation of the plea agreement and cannot be barred by the agreement itself. As also shown above, however, Mr. White did not receive ineffective assistance of counsel in connection with the negotiation of the plea agreement. Accordingly, the district court's conclusion that Mr. White's ineffective assistance of counsel claims are barred by the waiver provisions in the plea agreement was harmless error.

### III. CONCLUSION

All of the claims in Mr. White's § 2255 petition, except for the ineffective

assistance claims, are barred by the waiver provisions in the plea agreement.

Furthermore, Mr. White's ineffective assistance claims are without merit. Accordingly,

reasonable jurists could not debate the district court's denial of his § 2255 petition. For

these reasons, we DENY Mr. White's application for a COA and DISMISS his appeal.

We also DENY his application to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge