NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 15, 2020
Decided October 16, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2834

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:17CR37-002 |
| VINCENT E. PRUNTY, *Defendant-Appellant*. | James T. Moody, *Judge*. |

## O R D E R

Vincent Prunty and his codefendants stole the personal identifying information of hundreds of victims, including patients at an Arizona hospital where Prunty worked. They used this information to fraudulently open or take control of bank accounts and credit cards and obtain merchandise, cash, gift cards, and services. Prunty pleaded guilty to one count each of wire fraud, 18 U.S.C. § 1343, mail fraud, 18 U.S.C. § 1341, and aggravated identity theft, 18 U.S.C. § 1028A, in exchange for the government dropping dozens of other charges. Noting that at least 652 victims had their "lives changed forever" as a result of Prunty's actions, the district court sentenced him to a

total of 154 months' imprisonment followed by two years of supervised release, and ordered him to pay $182,887.40 in restitution.

Although his plea agreement contains an express waiver of his right to appeal his conviction and "all components of his sentence," Prunty filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Prunty did not respond to counsel's submission, *see* Cir. R. 51(b), which explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the potential arguments counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel consulted with Prunty about the potential risks and benefits of trying to withdraw his guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and Prunty informed her that he does not wish to challenge his plea. Thus, counsel properly concludes that the voluntariness of the plea is not a potential issue for appeal. *Id.*; *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Prunty could challenge his sentence and correctly concludes that Prunty's broad waiver of his right to appeal forecloses such an argument. An appeal waiver "stands or falls with the underlying guilty plea," and because Prunty does not wish to challenge his plea, his waiver would have to be enforced. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). Further, "[w]e will enforce an appellate waiver so long as the record clearly demonstrates that it was made knowingly and voluntarily." *United States v. Perillo*, 897 F.3d 878, 883 (7th Cir. 2018) (internal quotations omitted). Counsel rightly concludes Prunty acted knowingly and voluntarily because the district court confirmed his understanding of the appeal waiver and otherwise complied with Federal Rule of Criminal Procedure 11(b) in taking the plea. *United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014). (Although the district judge omitted the admonishment about the immigration consequences of a conviction, *see* FED. R. CRIM. P. 11(b), this information was irrelevant because the court had confirmed Prunty's U.S. citizenship earlier.)

Counsel finally considers whether Prunty could argue that the appeal waiver is unenforceable and rightly concludes that it would be frivolous to argue that any exception applies. Prunty's 154-month prison sentence does not exceed the statutory maximum of a combined 42 years, and there is no evidence that the district court considered an impermissible factor such as race. *See Gonzalez*, 765 F.3d at 742; *Jones v.*

*United States*, 167 F.3d 1142, 1144 (7th Cir. 1999). Counsel also considers whether the two-year term of supervised release is unlawful, given the statutory maximum of one year of supervised release for Count 27. 18 U.S.C. § 3583(b)(3). We agree with counsel that this potential argument is frivolous because the district court imposed "a term" of supervised release, not concurrent terms, and Counts 17 and 23 each carry statutory maximum terms of three years. There would be no basis for arguing that the district judge, who set forth the correct statutory maximums for each count, unlawfully imposed the two-year term for the conviction on Count 27. Because no exception excuses Prunty from his appeal waiver, counsel rightly concludes that any challenge to the sentence would be frivolous.

We GRANT counsel's motion to withdraw and DISMISS the appeal.